

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00098-CR

Jose G. **LECHLER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR6103
Honorable Sid L. Harle, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Karen Angelini, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  February 20, 2013

DISMISSED FOR WANT OF JURISDICTION

Jose G. Lechler was convicted of harassment of a public servant, and on March 31, 2010, the trial court sentenced Lechler as a repeat offender to five years imprisonment. Lechler filed a notice of appeal and a motion for extension of time to file the notice of appeal in the trial court on February 4, 2013.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). When a defendant appeals a conviction and sentence, the notice of appeal is timely if filed within thirty days after the day sentence is

imposed or suspended in open court, or within ninety days after sentencing if the defendant timely files a motion for new trial. *Id.* at 109–10; *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); TEX. R. APP. P. 26.2. A motion for extension of time to file the notice of appeal must be filed in the court of appeals within fifteen days of the deadline for filing the notice of appeal. *See* TEX. R. APP. P. 26.3.

We lack jurisdiction to entertain this appeal because the notice of appeal and motion for extension of time were not timely filed. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if appeal is not timely perfected, court of appeals does not obtain jurisdiction to address merits of appeal, and court may take no action other than to dismiss appeal; court may not suspend rules to alter time for perfecting appeal); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions). Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH